# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-20387
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JEMEYEL BRATON EAGLIN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-313-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jemeyel Braton Eaglin was convicted by a jury of possession with intent to distribute cocaine base (Count One), possession of a firearm in furtherance of a drug trafficking crime (Count Two), and possession of a firearm by a convicted felon (Count Three). Eaglin was sentenced to concurrent 120-month terms of imprisonment on Count One and Count Three and to a consecutive five-year term of imprisonment on Count Two.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Eaglin argues that the evidence was insufficient to support his conviction on Count Two for possession of a firearm in support of a drug trafficking crime. Ordinarily, the standard of review for a sufficiency claim is "whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt." United States v. Jaramillo, 42 F.3d 920, 922-23 (5th Cir. 1995).

The Government contends, however, that Eaglin failed to properly preserve the issue of the sufficiency of the evidence because he did not renew his motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure at the close of all the evidence. Eaglin maintains that his objection to a jury instruction on constructive possession was effective to preserve the issue. Because, as discussed below, the evidence is sufficient under the ordinary standard, we need not resolve this question.

The evidence presented at trial showed that several firearms were in plain view in the house where Eaglin was arrested. Eaglin exercised control over a bedroom and a closet where firearms were found in close proximity to a baggie containing a distributable quantity of crack cocaine. At least one of the firearms found in this area was loaded. The evidence was sufficient to prove that Eaglin was in constructive possession of the firearms. See United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993). The evidence was likewise sufficient to show that Eaglin possessed firearms in furtherance of a drug trafficking offense. See United States v. Ceballos-Torres, 218 F.3d 409, 410-11 (5th Cir.), amended in other part, 226 F.3d 651 (5th Cir. 2000). Eaglin has failed to demonstrate that the evidence was insufficient to support his conviction on Count Two. See Jaramillo, 42 F.3d at 922-23.

Eaglin also agues that testimony by two Houston narcotics officers was forbidden profile evidence and that the officers' testimony violated Rule 704(b) of the Federal Rules of Evidence. As Eaglin concedes, his failure to object to the testimony at trial results in review for plain error. United States v. Maldonado,

42 F.3d 906, 912 (5th Cir.1995). Under the plain error standard, the appellant bears the burden of showing (1) there is an error, (2) that is plain, and (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). If these factors are established, the decision to correct the forfeited error is within the court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 736.

The testimony given by the narcotics officers concerned the import of physical evidence -- crack cocaine and firearms -- present in the house. The challenged testimony was not impermissible profile evidence. See United States v. Williams, 957 F.2d 1238, 1242 (5th Cir. 1992). Eaglin has failed to show plain error. See Olano, 507 U.S. at 732.

We also reject Eaglin's contention that the testimony of the narcotics officers was improper under Rule 704(b). The rule "prohibits only direct statements on the issue of intent." United States v. Triplett, 922 F.2d 1174, 1182 (5th Cir. 1991); (quotations marks and citation omitted); see United States v. Masat, 896 F.2d 88, 93 (5th Cir. 1990). Here, the testimony of the narcotics officers did not state "an opinion or inference as to whether [Eaglin] did or did not have the mental state or condition constituting an element of the crime charged." See Rule 704(b). Rather, the challenged testimony was an explanation focused on the evidence and an analysis of that evidence based on the officers' experience in narcotics trafficking. As such, the testimony was not impermissible under Rule 704(b). See United States v. Gutierrez-Farias, 294 F.3d 657, 663 n.5 (5th Cir. 2002); Speer v. United States, 30 F.3d 605, 610 (5th Cir. 1994). Eaglin has not shown plain error. See Olano, 507 U.S. at 732.

AFFIRMED.